## LINDA MORRISSEY *v.* YALE UNIVERSITY*

Superior Court, Judicial District of New Haven
File No. CV 990422906S

Memorandum filed April 1, 2003

*John R. Williams*, for the plaintiff.

*Patrick M. Noonan*, for the defendant.

BLUE, J. The motion for summary judgment now before the court presents the question whether the evidence, viewed in the light most favorable to the plaintiff, establishes the necessary elements of the torts of negligent and intentional infliction of emotional distress. For the reasons briefly discussed, the necessary elements are not established here.

The evidence submitted to the court, viewed in the light most favorable to the plaintiff, establishes that

---

* Affirmed. *Morrissey* v. *Yale University*, 268 Conn. 426, 844 A.2d 853 (2004).

Linda Morrissey, the plaintiff, was employed by Yale University (Yale) as an administrative assistant in the department of epidemiology and public health (department). Yale also employed Carmen Baez as Morrissey's coworker in the department. Yale had knowledge that Baez was addicted to painkillers, discharged her and then rehired her. Yale knew of "tension" between Morrissey, on the one hand, and Baez and Baez' boyfriend, Percy Penn, on the other. Penn occasionally visited Baez at her place of work. On December 4, 1997, Morrissey sent a letter to a supervisor, informing him of two derogatory comments made to her by Penn. On one occasion Penn said, "Boy, did you get fat." On a second occasion, Penn said, "Well, I guess Mrs. Morrissey wouldn't know anything about kids since she doesn't have any; her husband must have been shooting blanks." On January 18, 1999, Baez pointed her finger at the plaintiff and stated, "Sooner or later, I'm going to kick your fucking ass."

On February 17, 1999, Morrissey commenced this action by service of process. She is the sole plaintiff, and Yale is the sole defendant. Her complaint consists of two counts. The first count alleges negligent infliction of emotional distress. The second count alleges intentional infliction of emotional distress.

On November 13, 2002, Yale filed the motion for summary judgment now before the court. The motion was heard on March 31, 2003.

Morrissey's first count, alleging negligent infliction of emotional distress, is precluded by *Perodeau* v. *Hartford,* 259 Conn. 729, 792 A.2d 752 (2002). *Perodeau* holds that liability for the tort of negligent infliction of emotional distress cannot arise "out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id., 762–63. Morrissey's argument

that *Perodeau* is inapplicable to cases involving private employers governed by General Statutes § 31-49, which provides that "[i]t shall be the duty of the master to exercise reasonable care to provide for his servant a reasonably safe place in which to work," is unpersuasive in light of *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 78, 88, 700 A.2d 655 (1997), which reviews § 31-49 and nevertheless reaches a holding similar to that of *Perodeau*.

The evidence assertedly buttressing Morrissey's second count, alleging intentional infliction of emotional distress, does not approach the level of outrageousness required by our Supreme Court. One of the elements of the tort in question is that "the conduct was extreme and outrageous . . . ." (Internal quotation marks omitted.) *Carrol* v. *Allstate Ins. Co.*, 262 Conn. 433, 443, 815 A.2d 119 (2003). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Id. It is unlikely, at best, that this element could be satisfied in a hypothetical case against the actual speakers, Baez and Penn. It is clear that this element cannot be satisfied, on this evidence, in Morrissey's action against Yale here. The recitation of the facts recounted previously to an average member of the community would not conceivably arouse such a community member's resentment against Yale to the extent that she would exclaim, "Outrageous!" (Internal quotation marks omitted.) Id.

The motion for summary judgment is granted.