LINDA MORRISSEY *v.* YALE UNIVERSITY
(SC 17092)

Sullivan, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 10—officially released April 13, 2004

*John R. Williams*, for the appellant (plaintiff).

*Patrick M. Noonan*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Linda Morrissey, an administrative assistant at Yale University School of Medicine, filed a two count complaint against the defendant, Yale University, alleging negligent infliction of emotional distress and intentional infliction of emotional distress. The defendant filed a motion for summary judgment as to both counts and the trial court granted the motion. The plaintiff appeals solely from the judgment against her on her claim of intentional infliction of emotional distress.[1] We affirm the judgment of the trial court.

The trial court found the following facts. "[T]he plaintiff . . . was employed by [the defendant] as an administrative assistant in the department of epidemiology and public health (department). [The defendant] also employed Carmen Baez as [the plaintiff's] coworker in the department. [The defendant] had knowledge that Baez was addicted to painkillers, fired her, and then rehired her. [The defendant] knew of 'tension' between [the plaintiff], on the one hand, and Baez and Baez's boyfriend, Percy Penn, on the other. Penn occasionally visited Baez at her place of work. On December 4, 1997,

---

[1] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[the plaintiff] sent a letter to a supervisor informing him of two derogatory comments made to her by Penn. On one occasion Penn said, 'Boy did you get fat.' On a second occasion, Penn said, 'Well, I guess [the plaintiff] wouldn't know anything about kids since she doesn't have any, her husband must have been shooting blanks.' On January 18, 1999, Baez pointed her finger at the plaintiff and stated, 'Sooner or later I'm going to kick your fucking ass.' " *Morrissey* v. *Yale University*, 48 Conn. Sup. 394, 395, 846 A.2d 234 (2003).

"Liability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" (Internal quotation marks omitted.) *Carrol* v. *Allstate Ins. Co.*, 262 Conn. 433, 443, 815 A.2d 119 (2003).

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. The trial court in the present case granted the defendant's motion for summary judgment on the ground that no reasonable jury could conclude that an average member of the community would find the defendant's conduct to have been extreme and outrageous.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of

decision. See *Morrissey* v. *Yale University*, supra, 48 Conn. Sup. 394. Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55, 787 A.2d 530 (2002).

The judgment is affirmed.