CLAUDE M. BROUILLARD *v.* CONNECTICUT SITING COUNCIL ET AL.
(AC 32846)

Lavine, Robinson and Alvord, Js.

Argued January 13—officially released February 28, 2012

*Claude Brouillard,* pro se, with whom, on the brief, was *Mei-wa Cheng,* for the appellant (plaintiff).

*Robert L. Marconi,* assistant attorney general, with whom, on the brief, was *George Jepsen,* attorney general, for the appellee (named defendant).

*Joey Lee Miranda,* with whom was *Lauren M. Vinokur,* for the appellee (defendant Cellco Partnership).

*Opinion*

ROBINSON, J. The plaintiff, Claude M. Brouillard, appeals from the judgment of the trial court granting the motions to dismiss filed by the defendants, Connecticut Siting Council (siting council) and Cellco Partnership doing business as Verizon Wireless (Cellco). On appeal, the plaintiff contends that the court erred in dismissing his action upon a determination that he was neither

statutorily nor classically aggrieved.[1] We affirm the judgment of the trial court.

The plaintiff appealed to the Superior Court on October 2, 2009, from the decision of the siting council granting a certificate of environmental compatibility and public need for the construction, maintenance and operation of a cell phone tower at 199 Town Farm Road in Farmington.[2] The plaintiff alleged that his rights "have been prejudiced because the [siting council's] administrative findings, inferences, conclusions and decisions are in violation of state and federal constitutional and statutory provisions; in excess of the authority of the [siting council]; made upon unlawful procedure; affected by other errors of law; clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; arbitrary and capricious and characterized by abuse of discretion and a clearly unwarranted exercise of its discretion . . . ." The plaintiff requested an evidentiary hearing pursuant to General Statutes § 4-183 (i) to present evidence regarding procedural irregularities in the proceedings before the siting council. The court denied this request on July

---

[1] In the statement of issues, the plaintiff provides three additional bases for his appeal: (1) the court erred in concluding that the plaintiff was not constitutionally aggrieved; (2) the dismissal of the plaintiff's complaint deprived the plaintiff of substantial property rights without due process in violation of both the federal and state constitutions; and (3) the court erred in precluding the plaintiff from presenting evidence that the siting council's decision was predetermined and/or unfairly biased. These claims, however, were not addressed in the plaintiff's brief. "[I]ssues raised in the defendant's preliminary statement of issues which were not briefed are considered abandoned." (Internal quotation marks omitted.) *Naier* v. *Beckenstein*, 131 Conn. App. 638, 641 n.1, 27 A.3d 104, cert. denied, 303 Conn. 910, 32 A.3d 963 (2011).

[2] The applicant before the siting council was Cellco, and the plaintiff, who owns property across the street from 199 Town Farm Road, was granted party status by the siting council. The tower is sited on a 100 foot by 100 foot lot within a 9.9 acre parcel known as the Simmons farm. The Simmons family leases the land from the town of Farmington, and the tower site will be subleased to Cellco.

12, 2010.[3] The defendants each filed motions to dismiss on April 21, 2010, contending that the plaintiff was not aggrieved and therefore lacked standing to appeal the siting council's decision. The court granted the defendants' motions on October 7, 2010.

In its memorandum of decision, the court first determined that the plaintiff was not statutorily aggrieved. After determining that General Statutes § 16-50q was ambiguous, the court engaged in a thorough interpretation of the statutory provision, and ultimately concluded that § 16-50q does not confer automatic aggrievement for purposes of appellate review. The court noted that the legislature amended § 16-50q in 1977, thereby requiring a party to be classically aggrieved in order to pursue an appeal. The court found that the "legislature intended to make appeals from the [s]iting [c]ouncil subject to the standard requirements of the [Uniform Administrative Procedure Act] which require proof of classical aggrievement in the absence of a statute conferring automatic statutory aggrievement." The court thus concluded that § 16-50q does not confer automatic statutory aggrievement.

The court proceeded to determine that the plaintiff was not classically aggrieved by the decision of the siting council. The court noted that the plaintiff had proven that he had specific, personal and legal interests at stake, because he had lent the Simmons family $50,000 and offered his services in helping to market Simmons Milk in exchange for 30 percent of the net profits from the sale of milk. The court concluded, however, that the plaintiff had not proven that those interests would be specially and injuriously affected by the decision of the siting council, as he had not presented evidence of harm to any of his activities or property interests. Rather, the court determined that the

---

[3] The court granted the plaintiff's motion to present evidence on the issue of aggrievement.

plaintiff's claims were merely speculative. The court concluded that the plaintiff was not classically aggrieved, and, therefore, it lacked subject matter jurisdiction to hear the plaintiff's claims. Accordingly, the court granted the defendants' motions to dismiss. This appeal followed.

We first address the plaintiff's contention that the court erred in determining that § 16-50q does not confer statutory aggrievement on parties to appeal decisions of the siting council that are adverse to them. Whether § 16-50q grants statutory aggrievement is a question of statutory interpretation, over which our review is plenary. See *C. R. Klewin Northeast, LLC* v. *State*, 299 Conn. 167, 175, 9 A.3d 326 (2010). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case. . . . In seeking to determine that meaning . . . [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . . We recognize that terms in a statute are to be assigned their ordinary meaning, unless context dictates otherwise . . . ." (Internal quotation marks omitted.) *Brown & Brown, Inc.* v. *Blumenthal*, 297 Conn. 710, 722, 1 A.3d 21 (2010).

We begin our review with the language of the relevant statutory provisions. Section 16-50q provides: "Any party may obtain judicial review of an order issued on an application for a certificate or an amendment of a certificate in accordance with the provisions of section 4-183. Any judicial review sought pursuant to this chapter shall be privileged in respect to assignment for trial in the Superior Court." Section 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

The plaintiff argues that because he was an admitted party before the siting council in its administrative decision, § 16-50q grants him statutory aggrievement to appeal to the Superior Court. "Aggrievement is essentially a question of standing; without it, a court must dismiss an action for want of jurisdiction. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . .

"Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the agency's decision has specially and injuriously affected that specific personal or legal interest. . . . Aggrievement does not demand certainty, only the possibility of an adverse effect on a legally protected interest. . . .

"Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim

injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Albuquerque* v. *State Employees Retirement Commission*, 124 Conn. App. 866, 873, 10 A.3d 38 (2010), cert. denied, 299 Conn. 924, 11 A.3d 150 (2011).

On the basis of our readings of the relevant statutes, we conclude that the language of § 16-50q is clear and unambiguous. Neither § 16-50q nor § 4-183 includes language that would confer standing on the plaintiff on the basis of statutory aggrievement. Although § 16-50q clearly provides that "[a]ny party" may seek judicial review, it also provides that such review is available only when the provisions of § 4-183 are also met. Under § 4-183 (a), a person seeking review must demonstrate aggrievement, whether statutory or classical, in order to appeal a final administrative decision. As stated previously, statutory aggrievement is provided by the legislature through the language of particular statutory provisions. See id. In the present case, neither the language of § 16-50q nor § 4-183 confers statutory aggrievement for the purposes of appellate review; there is no language that grants automatic standing. Thus, in order to have standing to appeal under § 16-50q, a party must be classically aggrieved. Accordingly, the trial court did not err in concluding that the plaintiff was not statutorily aggrieved.

The plaintiff next contends that the court erred in determining that he was not classically aggrieved. We thoroughly have reviewed the memorandum of decision in which the court determined that the plaintiff was not classically aggrieved. See *Brouillard* v. *Connecticut Siting Council*, 52 Conn. Sup. 196, 203–206, 39 A.3d 1241 (2010). Our examination of the record on appeal, as well as the briefs and arguments of the parties, persuade us that the judgment of the trial court should be affirmed. The trial court's concise and well reasoned memorandum properly resolved the issue raised in the

present appeal, and we therefore adopt it as a proper statement of the issue and the applicable law concerning that issue. See *Morrissey* v. *Yale University*, 268 Conn. 426, 428–29, 844 A.2d 853 (2004); *Stebbins* v. *Doncasters, Inc.*, 263 Conn. 231, 234–35, 819 A.2d 287 (2003).

The judgment is affirmed.

In this opinion the other judges concurred.