WATER POLLUTION CONTROL AUTHORITY OF THE CITY OF NEW HAVEN *v.* OTP REALTY, LLC
(AC 22981)

Schaller, Dranginis and Bishop, Js.

Argued February 18—officially released May 20, 2003

*Max F. Brunswick*, for the appellant (defendant).

*Alfred J. Onorato*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. In this foreclosure action, after the defendant, OTP Realty, LLC, appeared but did not plead, it was defaulted for failure to plead, and the court, on January 14, 2002, rendered a judgment of foreclosure by sale, setting a sale date of April 20, 2002. On March 19, 2002, the defendant filed a motion to open the judgment on the ground that the plaintiff water pollution control authority of the city of New Haven did not have sufficient interest in the subject property to foreclose. It is from the court's denial of that motion that the defendant now appeals. We affirm the judgment of the trial court.

Normally, a motion to open a judgment is addressed to the court's discretion. See *Hartford* v. *Pan Pacific Development (Connecticut), Inc.*, 61 Conn. App. 481, 487, 764 A.2d 1273, cert. denied, 256 Conn. 913, 772 A.2d 1126 (2001). Therefore, when a court denies a motion to open a judgment, the usual question on

review is whether the court abused its discretion in denying the motion.

In its motion, the defendant offered no explanation for not presenting the arguments contained in its motion prior to the entry of judgment in defense of the foreclosure complaint. Furthermore, as noted by the plaintiff, the defendant's motion to open is, for the most part, not in conformity with the requirements of our rules of practice for such motions. Specifically, the motion failed to set forth "reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of such judgment . . . or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ." Practice Book § 17-43 (a). Additionally, the defendant's motion is not verified by oath, either by the defendant or by counsel as required by Practice Book § 17-43 (a). It is not an abuse of discretion for a court to deny a motion to open that does not set forth facts, upon oath, to demonstrate that a defendant has been prevented by mistake, accident or other reasonable cause from making a defense. See *Fontaine* v. *Thomas*, 51 Conn. App. 77, 83, 720 A.2d 264 (1998). Here, the defendant's motion to open was devoid of any such representations.

The defendant claims, nevertheless, that because it asserts that the plaintiff does not have sufficient legal interest to pursue foreclosure, the motion to open implicates the subject matter jurisdiction of the court. We agree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the . . . subject matter of the controversy." (Internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792

A.2d 66 (2002). The question of standing, therefore, implicates the ability of the court to hear a matter. Standing "is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticable interests and that judicial decisions which may affect the rights of others are forged in hot controversy . . . ." (Internal quotation marks omitted.) Id. Because the question of whether the court has subject matter jurisdiction presents a legal issue, it is subject to plenary review. Therefore, we treat as a question of law subject to plenary review the defendant's argument that the court should have granted its motion to open because the plaintiff had no legal right to a foreclosure judgment.

The gravamen of the defendant's novel legal claim, which is unsupported by any germane decisional law, is that the plaintiff forfeited its lien on the subject property in a prior strict foreclosure action by not redeeming on its assigned law day. To assess that claim, we take judicial notice of the prior action, *Breen Capital Corp.* v. *Bonito*, Superior Court, judicial district of New Haven, Docket No. 385885, a strict foreclosure action involving the same property that is the subject of this appeal. In *Breen Capital Corp.*, the plaintiff in this case and the South Central Regional Water Authority (South Central) were defendants in a strict foreclosure action as a result of liens each had placed on the subject property. In conjunction with the judgment of strict foreclosure, both defendants were assigned the same law day.[1] Between the date of judgment and the law day, South Central assigned its lien rights to the defendant in this case, which redeemed on the law day, while the plaintiff in this case did not redeem. As a consequence, the defendant claims, the plaintiff lost its lien rights and,

---

[1] We note that in *Breen Capital Corp.*, no party objected to the order of law days proposed by the plaintiff in that case in its motion for a judgment of strict foreclosure. See Practice Book § 23-17 (a).

therefore, has no legal claim on the property that is the subject of this foreclosure action. In short, the defendant asserts that the plaintiff has no legal right to foreclose on property in which it has no legal interest.

We agree with the proposition advanced by the defendant that if the lien rights of the plaintiff were foreclosed in the *Breen Capital Corp.* strict foreclosure, then the plaintiff would not have standing to prosecute this action.

We also agree that the defendant assumed all the rights of South Central by accepting an assignment of its lien. We find no statutory authority or basis in the common law, however, for the proposition that when there are two lienholders of equal priority who are assigned the same law day in a strict foreclosure, the redemption by one entity forecloses the lien of the other. We think the better reasoning is that when the defendant redeemed and took title to the property, it foreclosed all subsequent encumbrances only, but not the lien rights of the plaintiff. That result is consistent with Practice Book § 23-17 (b), which provides in relevant part: "Unless otherwise ordered by the judicial authority at the time it renders the judgment of strict foreclosure, the following provisions shall be deemed to be part of every such judgment: (1) That, upon the payment of all of the sums found by the judicial authority to be due the plaintiff, including all costs as allowed by the judicial authority and taxed by the clerk, by any defendant, after all subsequent parties in interest have been foreclosed, the title to the premises shall vest absolutely in the defendant making such payment, subject to such unpaid encumbrances, if any, as precede the interest of the redeeming defendant. . . ."

Although that rule does not specify that a redeeming party takes subject to unpaid encumbrances of equal priority, such an outcome is consistent with the portion

of the rule that states that it is subsequent encumbrances that are foreclosed by a party's redemption. The rule provides no basis for arguing that by redeeming, the defendant foreclosed its equal encumbrancer, the plaintiff. Rather, we believe a more sensible understanding is that the defendant took title subject to the plaintiff's continuing lien. Therefore, in this instance, when the defendant redeemed, it foreclosed all subsequent encumbrances, but it did not foreclose the lien of the plaintiff, a lienholder equal in priority. As a consequence, the plaintiff had standing to maintain this foreclosure action.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.