KAREN A. MURPHY *v.* CITY OF STAMFORD ET AL.
(AC 30168)

Bishop, Lavine and Borden, Js.

Argued April 20—officially released July 14, 2009

*Karen A. Murphy*, pro se, the appellant (plaintiff).

*Kenneth B. Povodator*, assistant corporation counsel, with whom, on the brief, was *Thomas M. Cassone*, corporation counsel, for the appellee (named defendant).

*Robert G. Rafferty* filed a brief for the appellee (defendant DeRosa Tennis Contractors, Inc.).

PER CURIAM. The pro se plaintiff, Karen A. Murphy, appeals from the judgment of the trial court dismissing her action against the defendants, the city of Stamford (city) and DeRosa Tennis Contractors, Inc. On appeal, the plaintiff claims that the court improperly concluded that she lacked standing to challenge the city on the ground that it had exceeded its spending and bonding authority under the city charter when it made payments under a $5.7 million contract for the construction of four synthetic soccer fields. After reviewing the record and the briefs of the parties and listening to their oral arguments, we conclude that the court properly granted the city's motions to dismiss. We therefore affirm the judgment of the trial court.

In this action, the plaintiff sought declaratory and injunctive relief relating to the installation of artificial turf on playing fields in three locations in the city by virtue of her status as a taxpayer, claiming that she will suffer an increase in taxes she must pay. The city filed motions to dismiss, claiming that the plaintiff lacked standing to bring the claims. Whether the plaintiff has standing, is a threshold issue.

"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." Practice Book § 10-30. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Blumenthal* v. *Barnes*, 261 Conn. 434, 442, 804 A.2d 152 (2002). "The motion to dismiss shall be used to assert

(1) lack of jurisdiction over the subject matter . . . ." (Internal quotation marks omitted.) *Sadloski* v. *Manchester*, 235 Conn. 637, 646 n.13, 668 A.2d 1314 (1995). "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." *Stamford Hospital* v. *Vega*, 236 Conn. 646, 656, 674 A.2d 821 (1996).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . ." (Internal quotation marks omitted.) *In re Shawn S.*, 262 Conn. 155, 164, 810 A.2d 799 (2002). "Standing is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy . . . ." (Internal quotation marks omitted.) *Water Pollution Control Authority* v. *OTP Realty, LLC*, 76 Conn. App. 711, 714, 822 A.2d 257 (2003). The "plaintiff has the burden of proving standing." *Sadloski* v. *Manchester*, supra, 235 Conn. 649. *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 901 A.2d 649 (2006), controls the issue of taxpayer standing in this case.

"The plaintiff's status as a taxpayer does not automatically give [it] standing to challenge alleged improprieties in the conduct of the defendant town. . . . The plaintiff must also allege and demonstrate that the allegedly improper municipal conduct cause[d it] to suffer some pecuniary or other great injury. . . . It is not enough for the plaintiff to show that [its] tax dollars have contributed to the challenged project . . . . [T]he plaintiff must prove that the project has directly or indirectly increased [its] taxes . . . or, in some other fashion, caused [it] irreparable injury in [its] capacity as a taxpayer." (Internal quotation marks omitted.) Id., 13.

In *Seymour* v. *Region One Board of Education,* 274 Conn. 92, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005), in which the plaintiff challenged a tax abatement, our Supreme Court stated that "[b]ecause standing is a practical concept, common sense suggests that a taxpayer who challenges a part of a particular governmental program must demonstrate [its] injury in the entire fiscal context of that program, taking into account both the burdens and benefits of the program, and not just by demonstrating that the presumably burdensome part of the program itself, divorced from the larger program of which it is a part, causes injury." (Internal quotation marks omitted.) Id., 103. To assert taxpayer standing, a more stringent standard is imposed than is required to invoke standing on the basis of classical aggrievement. *West Farms Mall, LLC* v. *West Hartford,* supra, 279 Conn. 14. Beginning at least in 1943; see *Cassidy* v. *Waterbury,* 130 Conn. 237, 245, 33 A.2d 142 (1943); our Supreme court articulated a two-pronged standard of proof for taxpayer standing: "taxpayer status and conduct that has caused or will cause increased taxes or other irreparable injury . . . ." *West Farms Mall, LLC* v. *West Hartford,* supra, 14.[1]

In this case, the plaintiff claimed that her taxes probably would increase due to the cost of installing the new artificial surfaces on the playing fields. Although the plaintiff established that she is a taxpayer of the city, the court found that she did not sustain her burden of proof that the installation of the artificial surface caused or will cause increased taxes or other irreparable injury to her. She ignored the evidence presented by the defendants that the ordinary cost of maintaining the fields

---

[1] In light of the facts of *West Farms Mall, LLC,* our Supreme Court declined "to determine expressly whether a taxpayer has standing to assert a claim predicated on misappropriation of public funds and, if so, what, if any, prerequisites the taxpayer must establish to prevail." *West Farms Mall, LLC* v. *West Hartford,* supra, 279 Conn. 23.

in their present condition also would cost her money. The plaintiff did not prove that the cost of installing the new artificial surface would exceed the cost of maintaining the present surface.

The plaintiff also claimed that the city violated § C6-30-13 of the city charter in that the project to install the artificial surface was not referred to the city's planning board. The court again was guided by *West Farms Mall, LLC* v. *West Hartford,* supra, 279 Conn. 1, and *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 427 A.2d 822 (1980), in resolving this claim. Our Supreme Court has "long recognized the capacity of taxpayers of towns and cities to challenge the legality of the actions of their municipal officers by seeking injunctive relief against such action. . . . Such actions may also be brought where the alleged improper action is that of a quasi-municipal corporation. . . . Absent the existence of another special legal relationship . . . however, this court has not recognized the capacity of an individual or a private corporation that has not alleged taxpayers' status to maintain an action challenging the propriety of the conduct of a municipal corporation. We have said that a party's status as a taxpayer, without a demonstration by him of some tangible injury, does not by itself confer standing upon him where the defendant is a municipal corporation. . . .

"Thus, our cases in this area have required two conditions for the maintenance of actions seeking to challenge municipal conduct: (1) the plaintiff must be a taxpayer of the defendant municipal entity; and (2) the plaintiff must allege and demonstrate that the alleged improper municipal conduct causes him to suffer some pecuniary or other great injury. . . . The first condition ensures that there be some legal relationship or nexus between the plaintiff and the municipal entity that establishes the municipality's duty to expend or allocate tax monies in a manner consistent with law. . . . The

680

second condition ensures that our courts will be called upon to decide matters in which the litigants have a specific, legal interest, as distinguished from a mere general interest, in the subject matter of the controversy." (Citations omitted; internal quotation marks omitted.) *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, supra, 179 Conn. 548–49.

The court concluded that the plaintiff in this case had failed to establish her standing as a taxpayer and had failed to demonstrate that the allegedly improper municipal conduct caused her to suffer some pecuniary or other great injury. The court found that the city had presented evidence that the cost of maintaining the fields as they are presently configured was, in fact, more costly than the installation of the artificial surfaces given the need for repeated repair each year. The court found the testimony of the city's witnesses to be more credible than the plaintiff's arguments.

The judgment is affirmed.