ROGER EMERICK *v.* TOWN OF GLASTONBURY
(AC 34208)

Alvord, Bear and Peters, Js.

Argued February 19—officially released August 20, 2013

*Roger Emerick*, self-represented, the appellant (plaintiff).

*Beth Bryan Critton*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Roger Emerick, appeals from the judgment of the trial court dismissing his action against the defendant, the town of Glastonbury (town). The plaintiff sought to prevent the demolition of the former Slocomb Mill located on town property. On appeal, the plaintiff claims that the court (1) improperly granted the town's motion to dismiss the plaintiff's action on the ground of mootness, (2) improperly failed to award him punitive damages for the town's conduct in demolishing the mill while his action was pending, and (3) violated his due process rights by denying his ex parte motion for a temporary injunction to halt the demolition of the mill. The town claims that the plaintiff lacked standing to bring this action. We affirm the judgment of dismissal on the ground that the plaintiff lacked standing to bring this action, and, therefore, we do not reach the issues raised by the plaintiff in this appeal.

The following facts, as alleged in the complaint or as disclosed in the record as undisputed, are relevant to this appeal. The plaintiff owns property that abuts the former Slocomb Mill in Glastonbury. The town purchased the mill property in 2008 and intended to demolish various buildings and structures at the site. On

November 3, 2010, the plaintiff commenced the present action seeking a writ of mandamus, and injunctive and declaratory relief, to restore and preserve the mill property. On March 18, 2011, the town filed its first motion to dismiss the plaintiff's complaint claiming that the issues were not ripe for adjudication.[1] Shortly thereafter, the town filed an amended motion to dismiss on April 4, 2011, claiming that (1) the plaintiff's action was premature and not ripe for adjudication and (2) the plaintiff lacked standing to bring the action. The plaintiff filed a memorandum in opposition to the town's amended motion to dismiss on April 15, 2011.

The court held a hearing on the town's amended motion to dismiss on May 9, 2011. At that time, counsel for the town presented the court with reasons as to why the plaintiff lacked standing to challenge the town's actions with respect to the mill property. Counsel also stated that the matter was not ripe for adjudication because the process for obtaining the requisite permits for demolition had not been completed. The court then told the plaintiff that although the amended motion to dismiss had been filed by the town, it was the plaintiff's burden to demonstrate that the court had subject matter jurisdiction over the action.[2] The plaintiff responded: "I would like you to read the complaint, verified complaint, my opposing memorandum and affidavits, and what I've written in its entirety . . . because it addresses specifically all the points opposing counsel have brought up in court." The court took the matter on the papers.

[1] The affidavit of the town manager submitted with the motion averred that the demolition could not occur without the issuance of appropriate permits.

[2] The court addressed the plaintiff as follows: "You understand, Mr. Emerick, that you do—even though it's the [town's] motion, when it comes to subject matter jurisdiction, that is, the power of the court to act in a particular matter, that the plaintiff bears the burden of proof with respect to jurisdiction. So in this case, the challenge has to do with whether or not you have legal standing and—as well as some other claims."

Before the court issued a ruling on the town's April 4, 2011 amended motion to dismiss, the town filed a third motion to dismiss on June 24, 2011. In that motion, the town claimed that the court lacked subject matter jurisdiction over the action because the plaintiff failed to exhaust his administrative remedies. In its memorandum in support of the motion, the town represented that on May 26, 2011, the Conservation Commission had approved the town's application for inland wetlands approval in connection with the demolition project and that the plaintiff had not appealed from that decision. The plaintiff filed a memorandum in opposition to the town's third motion to dismiss on August 1, 2011.

On September 27, 2011, the town filed its fourth motion to dismiss. At that time, no court decisions had been made with respect to the town's prior motions to dismiss. In this fourth motion, the town claimed that the court lacked subject matter jurisdiction over the plaintiff's action because (1) the plaintiff failed to exhaust his administrative remedies and (2) events had occurred since the filing of the plaintiff's complaint that rendered the matter moot. The plaintiff filed a memorandum in opposition to the town's fourth motion to dismiss on November 4, 2011.

On November 21, 2011, the court held a hearing on the September 27, 2011 motion to dismiss. The court began the hearing by referring to all of the pleadings that the parties had filed subsequent to the May 9, 2011 hearing on the town's April 4, 2011 amended motion to dismiss, and then asked the parties: "It's just like it's a moving target and I'd like to know what—exactly what it is that you're asking me to decide." The town's counsel responded that the ripeness claim was no longer being asserted because the inland wetlands approval and the demolition application process had been completed. Counsel indicated that the town still was pursuing the plaintiff's failure to exhaust administrative remedies

and the plaintiff's lack of standing as grounds for dismissal. Counsel also stated that an additional ground for dismissal, that of mootness, now was applicable because of subsequent events that had occurred.

The court addressed the plaintiff: "So are you satisfied that you filed everything you wished to file on— as to each of these claims? And right now the claims are standing and mootness." The plaintiff responded: "Yes, Your Honor." After the court indicated that it would take the matter on the papers, the plaintiff inquired: "May I talk?" When the court answered in the affirmative, the plaintiff voiced his frustration over the fact that his previous applications for a temporary injunction had been denied by the court. He stated that his action was intended to preserve the mill and that the mill already had been demolished. Although the court was aware that much of the procedure for securing the demolition of the mill had been completed, it did not know until that moment that the mill had been torn down.[3] The court confirmed with the parties that the actual demolition had commenced on October 18, 2011, and was substantially completed. The court told the parties that it would address the motion to dismiss as quickly as possible because "it does look like there's nothing much left of the lawsuit at this point and that it should be dismissed for either [standing or mootness] reason . . . ."

On November 22, 2011, the court rendered a judgment of dismissal on the ground of mootness. In its notice to the parties, the court stated that the mill had been substantially demolished on October 18, 2011, and that there was no practical relief that the court could afford the plaintiff.[4] On December 9, 2011, pursuant to Practice

[3] "The Court: They knocked it down? It's knocked down already?"

[4] The court reasoned: "Since the primary relief sought was injunctive, accompanied by a request for declaratory relief and a writ of mandamus, the object of which was to preserve the mill until a public referendum could be held, the demolition of the mill has rendered the plaintiff's complaint herein moot."

Book § 11-11, the plaintiff filed a motion to reargue the granting of the motion to dismiss. The court denied the plaintiff's motion on December 23, 2011, and this appeal followed.

"A motion to dismiss [for lack of standing] . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss [is] de novo." (Internal quotation marks omitted.) *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 20–21, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004).

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *R. F. Daddario & Sons, Inc.* v. *Shelansky*, 123 Conn. App. 725, 731, 3 A.3d 957 (2010).

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and

The court's decision did not address the town's claim that the plaintiff lacked standing to bring the action.

vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 486, 815 A.2d 1188 (2003).

We begin with well settled principles regarding standing and its aggrievement component. "Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest." (Internal quotation marks omitted.) *Andross* v. *West Hartford*, 285 Conn. 309, 322, 939 A.2d 1146 (2008).[5] "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) Id.

"The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." *Fink* v. *Golenbock*, 238 Conn. 183, 199 n.13, 680 A.2d 1243 (1996). A plaintiff has the burden of proof with respect to standing. *Sadloski* v. *Manchester*, 235 Conn. 637, 648–49, 668 A.2d 1314 (1995). "To establish aggrievement, first, the plaintiff [must allege] facts

[5] The classical aggrievement test is not limited to zoning or other administrative appeals. *Andross* v. *West Hartford*, supra, 285 Conn. 324.

which, if proven, would constitute aggrievement as a matter of law, and, second . . . [prove] the truth of those factual allegations." (Internal quotation marks omitted.) *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 193 n.13, 676 A.2d 831 (1996).

We now review the plaintiff's complaint to determine whether he has alleged facts that, if proven, would constitute aggrievement as a matter of law. See id. Construction of pleadings is a question of law. *Kovacs Construction Corp.* v. *Water Pollution & Control Authority*, 120 Conn. App. 646, 659, 992 A.2d 1157, cert. denied, 297 Conn. 912, 995 A.2d 639 (2010). In paragraph one of his complaint, the plaintiff alleges: "The plaintiff, Roger Emerick, is an abutting property owner of the Slocomb Mill and dam at 68 Matson Hill Road, South Glastonbury, and owns property along Roaring Brook." No other facts are alleged that would support a claim of aggrievement.[6] The remaining paragraphs of the complaint contain allegations that the town, inter alia, improperly committed "municipal financial resources to procure and secure destruction of historic and natural resources" and "violat[ed] the intent of Town Codes 306, 315, 316 and 2-64 . . . ."

The plaintiff's status as an abutting landowner does not automatically confer standing in this action. Although abutting landowners are statutorily aggrieved in zoning cases, this is not an administrative appeal

[6] Paragraph ten of the plaintiff's complaint alleges violations of various historic and environmental statutes. Although allegations that the town's conduct was reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources could have been considered for purposes of alleging aggrievement, the plaintiff has expressly stated that "the mill is gone and he is not appealing these statutes. [The plaintiff referenced General Statutes §§ 22a-9, 22a-16, 22a-19a and 29-401]. On other matters raised in this appeal, the plaintiff has standing." Accordingly, we do not review the facts alleged in paragraph ten to determine whether they are sufficient for purposes of alleging statutory aggrievement.

from the decision of a zoning agency or a conservation commission. Simply alleging the fact that he owns property that abuts the mill property, without more, is not sufficient to confer standing. See *Brouillard* v. *Connecticut Siting Council*, 52 Conn. Supp. 196, 203, 39 A.3d 1241 (2010), aff'd, 133 Conn. App. 851, 38 A.3d 174, cert. denied, 304 Conn. 923, 41 A.3d 662 (2012). Significantly, the plaintiff has failed to allege a specific, personal and legal interest in the demolition of the mill that would be any different from the general interest that all members of the community would share. See *Andross* v. *West Hartford*, supra, 285 Conn. 322.

In his appellate reply brief, and during oral argument before this court, the plaintiff argued that he has taxpayer and voter standing. He does not allege in his complaint that he is a registered voter in Glastonbury or that he was qualified to vote at any proposed referendum; see *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 526, 662 A.2d 1281 (1995); and, therefore, he has failed to allege voter standing. With respect to taxpayer standing, the plaintiff does allege in his complaint that he "owns property" in the town. "[P]roof of ownership of property within a city is sufficient to establish a presumption that one is a taxpayer in that city." *Jolly, Inc.* v. *Zoning Board of Appeals*, supra, 237 Conn. 194 n.13. Accordingly, for purposes of this appeal, we conclude that the plaintiff did allege in his complaint that he was a taxpayer in the town.

That allegation, without more, however, is insufficient for purposes of alleging taxpayer standing to bring the present action. "The plaintiff's status as a taxpayer does not automatically give [him] standing to challenge alleged improprieties in the conduct of the defendant town. . . . The plaintiff must also allege and demonstrate that the allegedly improper municipal conduct cause[d him] to suffer some pecuniary or other great injury. . . . It is not enough for the plaintiff to show

that [his] tax dollars have contributed to the challenged project . . . . [T]he plaintiff must prove that the project has directly or indirectly increased [his] taxes . . . or, in some other fashion, caused [him] irreparable injury in [his] capacity as a taxpayer." (Internal quotation marks omitted.) *Murphy* v. *Stamford*, 115 Conn. App. 675, 677, 974 A.2d 68, cert. denied, 294 Conn. 901, 982 A.2d 645 (2009).[7] Here, the plaintiff's complaint does not contain the requisite allegations, and, therefore, the plaintiff has failed to allege taxpayer standing.[8]

Because the record in this case is sufficient for us to determine that the plaintiff lacked standing, it is unnecessary for us to remand the matter to the trial court. The complaint clearly does not allege facts that, if proven, would constitute aggrievement as a matter of law. See *Jolly, Inc.* v. *Zoning Board of Appeals*,

[7] "[T]he rationale for disallowing taxpayer suits, absent special circumstances, has been explained by one court as follows: This rule is based on the sound policy ground that without a special injury standing requirement, the courts would in all likelihood be faced with a great number of frivolous lawsuits filed by disgruntled taxpayers who, along with much of the taxpaying public these days, are not entirely pleased with certain of the taxing and spending decisions of their elective representatives. It is felt that absent some showing of special injury as thus defined, the taxpayer's remedy should be at the polls and not in the courts. Moreover, it has long been recognized that in a representative democracy the public's representatives in government should ordinarily be relied on to institute the appropriate legal proceedings to prevent the unlawful exercise of the state or county's taxing and spending power. . . . *Dept. of Revenue* v. *Markham*, 396 So. 2d 1120, 1122 (Fla. 1981) (noting that, absent special injury, taxpayer standing only permitted when allegation of violation of state constitution's tax and spend provision)." (Internal quotation marks omitted.) *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 21 n.13, 901 A.2d 649 (2006).

[8] It is dispositive that the plaintiff failed to sufficiently allege voter or taxpayer standing in his complaint. For that reason alone, the trial court lacked subject matter jurisdiction over the plaintiff's action. We also note, however, that the plaintiff presented no evidence before the trial court to demonstrate such standing, although he was given the opportunity to do so at the May 9, 2011 and November 21, 2011 hearings. A plaintiff must *allege and prove* that he has the requisite standing in order for the trial court to have subject matter jurisdiction over his claims. See *Jolly, Inc.* v. *Zoning Board of Appeals*, supra, 237 Conn. 193 n.13.

supra, 237 Conn. 193 n.13. Accordingly, while we agree that the trial court properly dismissed the plaintiff's action, we so conclude on the ground that the plaintiff lacked standing to bring this action.[9]

The judgment is affirmed.

---

[9] This court and our Supreme Court have affirmed a trial court's judgment of dismissal on the ground of standing rather than the ground relied on by the trial court. In *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, 218 Conn. 335, 336–37, 589 A.2d 356 (1991), our Supreme Court affirmed the trial court's judgment of dismissal on the ground that the plaintiff lacked standing to bring the action when the trial court had dismissed it because of the plaintiff's failure to exhaust administrative remedies. This court also reached such a conclusion in *Lewis* v. *Swan*, 49 Conn. App. 669, 671, 716 A.2d 127 (1998).