******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The plaintiff sought to collect, inter alia, unpaid wages on behalf of two
employees of the defendant W Co. A state marshal served two copies
of the summons and complaint on the defendant B, W Co.'s president,
in both his individual capacity and as president of W Co. Following the
defendants' failure to respond to the plaintiff's pleadings, the trial court
granted the plaintiff's motion for default and rendered judgment in favor
of the plaintiff. Thereafter, the defendants filed a motion to open the
default judgment pursuant to the applicable statute (§ 52-212), claiming
that they had been deprived of actual notice of the proceedings by the
plaintiff's failure to serve the summons and complaint on W Co. The court
denied the defendants' motion to open, and the defendants appealed to
this court. *Held* that the trial court did not abuse its discretion in denying
the defendants' motion to open, as the defendants failed to comply with
the requirements of § 52-212 in that the motion was not verified under
oath by either the defendants or their attorney; furthermore, the defen-
dants' claim that they lacked actual notice of the plaintiff's action
because the summons listed a nonparty individual as W Co.'s registered
agent for service was unavailing, the record having unequivocally indi-
cated that both defendants were properly served with legal process by
service in hand to B.

Submitted on briefs September 17—officially released November 24, 2020

*Procedural History*

Action to collect, inter alia, unpaid wages, and for
other relief, brought to the Superior Court in the judicial
district of Hartford, where the defendants were
defaulted for failure to appear; thereafter, the court,
*Gordon, J.*, rendered judgment in favor of the plaintiff;
subsequently, the court, *Sheridan, J.*, denied the defen-
dants' motion to open the judgment, and the defendants
appealed to this court. *Affirmed.*

*Ramiro Alcazar* filed a brief for the appellants
(defendants).

*Maria C. Rodriguez* and *Philip M. Schulz*, assistant
attorneys general, and *William Tong*, attorney general,
filed a brief for the appellee (plaintiff).

PER CURIAM. The defendants, Walnut Tire Shop,
LLC (company), and Ramon Balbuena, appeal from the
judgment of the trial court denying their motion to open
a default judgment rendered in favor of the plaintiff,
the Commissioner of Labor. On appeal, the defendants
claim that the court abused its discretion in denying
that motion because they lacked actual notice of the
plaintiff's action. We disagree and, accordingly, affirm
the judgment of the trial court.

It is undisputed that, at all relevant times, Balbuena
was the owner and president of the company.[1] On
November 11, 2018, the plaintiff commenced an action
against the defendants on behalf of two employees to

recover unpaid wages pursuant to General Statutes § 31-72[2] and civil penalties pursuant to General Statutes § 31-69a. On that date, a state marshal served two copies of the summons and complaint on Balbuena in both his individual capacity and as president of the company.[3]

When the defendants did not appear or otherwise respond to that pleading, the plaintiff filed a motion for default, which the court granted. The plaintiff then filed a motion for a default judgment that was accompanied by a sworn affidavit of debt. The court granted that motion on March 15, 2019, and rendered judgment in favor of the plaintiff in the amount of $24,136.35.[4] The plaintiff provided notice of that judgment to the defendants in accordance with Practice Book § 17-22.

On April 24, 2019, the defendants filed a motion to open the default judgment pursuant to General Statutes § 52-212.[5] In that motion, they alleged that the plaintiff had failed to serve the summons and complaint on the company, thereby depriving the defendants of "actual notice of those proceedings . . . ." The plaintiff filed an objection, and the court thereafter denied the defendants' motion to open. From that judgment, the defendants now appeal.

It is well established that "[a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992); see also *Purtill* v. *Cook*, 197 Conn. App. 22, 26, 231 A.3d 245 (2020) ("[o]ur review of a ruling on a motion to open a default judgment is governed by the abuse of discretion standard").

On appeal, the defendants contend that the court abused its discretion in denying their motion to open because they lacked actual notice of the plaintiff's action. For two distinct reasons, the defendants' claim is unavailing. First, as a procedural matter, they have failed to comply with the mandate of § 52-212 (c) and Practice Book § 17-43, which require motions to open default judgments pursuant to § 52-212 to "be verified by the oath of the complainant or [its] attorney . . . ." The motion to open in the present case was not verified under oath by either the defendants or their attorney. On that basis alone, the trial court was entitled to deny the defendants' motion. See *Lawton* v. *Weiner*, 91 Conn. App. 698, 712, 882 A.2d 151 (2005) (court did not abuse its discretion in denying defendants' motion to open because it was "not sworn to"); *Water Pollution Control*

*Authority* v. *OTP Realty, LLC*, 76 Conn. App. 711, 713, 822 A.2d 257 ("[i]t is not an abuse of discretion for a court to deny a motion to open that does not set forth facts, upon oath, to demonstrate that a defendant has been prevented by mistake, accident or other reasonable cause from making a defense"), cert. denied, 264 Conn. 920, 828 A.2d 619 (2003).

Second, as a substantive matter, the defendants' claim that they lacked actual notice of the plaintiff's action is belied by the uncontroverted fact that the marshal served copies of the summons and complaint on Balbuena in both his individual capacity and as president of the company.[6] In so doing, the marshal properly served legal process on the company pursuant to General Statutes § 52-57 (c).[7]

The defendants nonetheless argue that, because the summons listed Ramiro Alcazar as the registered agent for service for the company, the service conducted on its president on November 11, 2018, was invalid. They offer no legal authority to support that assertion. To the contrary, this court has held that "there is no exclusive means for service on a limited liability company. Although General Statutes § 34-105 (a) provides that process 'may be served upon the limited liability company's statutory agent for service,' subsection (e) of § 34-105 expressly states that '[n]othing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a limited liability company in any other manner permitted by law.'" *Little* v. *Mackeyboy Auto, LLC*, 142 Conn. App. 14, 20, 62 A.3d 1164 (2013). For that reason, this court held that service of process conducted on an officer specified in § 52-57 (c) properly conferred notice of the plaintiff's action on the defendant limited liability company, even when its registered agent was not served. Id. That precedent compels a similar conclusion in the present case.

The record before us unequivocally indicates that both defendants were served with legal process on November 11, 2018. The court, therefore, did not abuse its discretion in denying the defendants' motion to open.

The judgment is affirmed.

[1] In the complaint, the plaintiff alleged that Balbuena was the owner and principal of the company. Moreover, in opposing the defendants' motion to open, the plaintiff submitted, as an exhibit, a business inquiry conducted with the Secretary of the State's commercial recording division, which lists Balbuena as the "president" of the company.

[2] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court. . . . The Labor Commissioner may collect the full amount of any such unpaid wages . . . as well as interest calculated in

accordance with the provisions of section 31-265 from the date the wages or payment should have been received, had payment been made in a timely manner. In addition, the Labor Commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages . . . and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner shall distribute any wages . . . collected pursuant to this section to the appropriate person."

[3] In the return of service, the marshal attested in relevant part: "Then and there by virtue hereof and at the special direction of the plaintiff's attorney, I made due and legal service upon the within named defendants: *Walnut Tire Shop*, *LLC* by leaving with and within the hands of *Ramon Balbuena*, *President* and *Ramon Balbuena* by leaving with and within the hands at *153 Walnut Street*, *Waterbury*, *Connecticut*, two true and attested copies of the within, summons-civil, complaint and amount in demand with my endorsement thereon." (Emphasis in original.)

[4] The court awarded the plaintiff $17,145.60 in unpaid wages, $6900 in civil penalties, and $90.65 in costs.

[5] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. . . .

"(c) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

[6] In their appellate brief, the defendants concede that "[t]he summons and complaint were served in hand on [Balbuena] individually and as president of [the company]."

[7] General Statutes § 52-57 (c) provides in relevant part: "In actions against a private corporation, service of process shall be made either upon *the president*, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. . . ." (Emphasis added.)